**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

E. G. Lewis,

      *Plaintiff*,

v.                                           Case No. 3:05-cv-220
                                                    Judge Thomas M. Rose

Frankie S. Winsett,

      *Defendant*.

---

**ENTRY AND ORDER DENYING MOTION FOR RECONSIDERATION, DOC. 42, GRANTING-IN-PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DOC. 57, WITH REGARD TO DEFAULT ON THE AUGUST 11, 2000 CONTRACT AND DENYING THE MOTION IN ALL OTHER RESPECTS, FINDING MOOT DEFENDANT'S MOTION TO STAY, DOC. 18, GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH THE ORDER GRANTING RESTITUTION, DOC. 37, DEFENDANT HAS UNTIL SEPTEMBER 16, 2006 TO RETURN THE TRUCK, DENYING DEFENDANT'S MOTION TO STAY, DOC. 38, FINDING MOOT, PER REPRESENTATION OF THE PARTIES, DOCS. 43, 44, 45, DENYING SUPPLEMENTAL MOTION TO STAY, DOC. 46, DENYING MOTION TO SET ASIDE, DOC. 47, AND DENYING MOTION TO STAY. DOC. 54.**

---

      A variety of motions are currently pending in this case, and this order will endeavor to resolve all of them. The first motion with which the Court will dispense is Defendant's Motion for Reconsideration of the May 8, 2006 Court Order. Doc. 42. The Court's order of May 8, 2005, doc. 36, denied Defendant's motions for summary judgment. Docs. 9 & 17. The current motion asserts

that the Court failed to consider that Plaintiff failed to respond to the motions for summary judgment with any admissible evidence.[1]

Defendant is correct that affidavits, or some type of evidence is normally necessary to survive a motion for summary judgment.  In this case the evidence is provided in Defendant's own affidavit.

The instant case involves a claimed breach of contract.  Doc. 1.  On August 11, 2000, the parties entered into an agreement for the sale of an SNG truck.  Under the terms of the agreement, Defendant Frankie S. Winsett was to pay Plaintiff E.G. Lewis $375,000 for the truck.  Doc. 9-2, ¶ 1.  A $50,000 deposit was paid that same day.  *Id.*, ¶3.  The contract further stipulates:

> The balance of $325,000 will be given to Mr. Lewis in 30 days and no longer than 60 days.  After 60 days the price of the truck goes to $400,000.00.  Mr. Lewis has the option of the truck being returned at Mr. Winsett's expense with the true and honest intentions of renegotiating in case Mr. Winsett has trouble with the balance due.

Doc. 9-2, ¶ 5.  An addendum page states:

> It is agreed between E.G. Lewis and Frankie S. Winsett that the $50,000.00 will be returned when E.G. Lewis receives in full the total selling price of the SNG Truck.

Doc. 9-2, at 3.

Winsett admits that he had not paid the $325,000 within the 30 to 60-day window allowed in the contract.  Doc. 17-3, ¶ 4.  According to the complaint, the parties resolved Winsett's inability to obtain financing by entering into a separate agreement in December 2000.  Under this contract,

---

[1] The motion also claims that the fact that Defendant "has never received the certificate of title to the SNG truck as required by Ohio law (O.R.C. 4505.03)" requires reconsideration of the motion, but never explains why this is so.

12% interest would accrue on the amount due Lewis and Winsett would make payments of at least $5,000 per month and find alternative financing to remove the burden of financing the loan from Lewis. It is this second contract that Lewis's first claim alleges has been breached.

Lewis asserts a second claim for violation of the August 11, 2000 contract by not paying the full amount due as agreed within 60 days. This claim also fixes damages at $139,622.08. A third claim asserts damages due to an asserted inability to sell the truck to any of four other willing buyers due to Winsett's alleged unwillingness to return the truck. This claim also claims damages of $139,622.08.

Winsett claims that he paid $326,500.00 to Lewis from February 2001 through January 2006, a period outside the sixty-day window following August 11, 2000. Doc. 17-3, ¶ 4. Winsett admits further liability to Lewis of $4,500, doc. 31, an amount that, when added to the $50,000 deposit, would imply that Winsett believes the parties had agreed upon a price of at least $380,000. Defendant figures that he should be credited with making payments on an amplifier that was in the truck, upon which $20,000 was still owed, making for a $400,000 total.[2] Plaintiff asserts that, after allocating Winsett's payments between the claimed interest rate and principal, $139,622.08 is the remaining unpaid balance on the loan.

Both of Winsett's motions for summary judgment focused on the first claim, insisting that there is no provision for 12% interest in the August 11, 2000 contract. This ignored that this provision is alleged to reside in a separate contract created in December of 2000. While Winsett

---

[2] Winsett believes that the $50,000 deposit should be returned to him, per the addendum. At this point, however, the Court reads the contract, however, such that this provision would apply only when Lewis is paid in full the total selling price of the SNG truck, not counting the $50,000 deposit. The provision has the effect of allowing Winsett to finance the deposit.

-3-

asserts in his affidavit that no other contract was entered into, 17-3 ¶ 5, 6, 9, he also affies that he undertook payments from February 2001 to January 2006, which itself evinces the existence of some other agreement between the parties. Because Winsett's own affidavit supplies evidence sufficient to overcome his motion for summary judgment, the motion was correctly denied, and the motion to reconsider, doc. 42, is **DENIED**.

The Court will also consider Plaintiff's Motion for Partial Summary Judgment. Doc. 57. Therein, Plaintiff requests that the Court declare that Defendant has defaulted on both contracts. Defendant has indeed admitted failure to pay $325,000 within 60 days of signing the August 11, 2000 contract, and the motion is **GRANTED** with regard to this fact. As to default on the purported December contract to make monthly payments, Defendants has affied that no such contract ever existed, and Plaintiff has not provided conclusive evidence that it existed, much less the exact terms. Because there is a genuine issue of fact regarding the purported December contract, and any terms therein, Plaintiff's motion, doc. 57, is **DENIED** in this regard.

With these two motions resolved, the remaining motions will be dealt with seriatim. Defendant's motion to stay, doc. 18, requests a stay of the action until the Court rules upon the motion for summary judgment, doc. 17. As the Court's May 8, 2006 order, doc. 36 denied the motion for summary judgment, the motion to stay, doc.18, is **MOOT**.

Defendant's Motion to Compel Defendant's Compliance with the Order Granting Restitution, doc. 37, asks the Court to order Defendant to comply with a previous Court order to enforce the provision of the August 11, 2000 contract: "Mr. Lewis has the option of the truck being returned at Mr. Winsett's expense with the true and honest intentions of renegotiating in case Mr. Winsett has trouble with the balance due." Defendant responds that the Court order regarding this

provision was entered while Defendant was disputing the Court's jurisdiction over him.[3] Service has since been perfected, see doc. 36, resolving Defendant's only objection, the motion, doc. 37, is **GRANTED**. Defendant is **ORDERED** to return the truck by the close of business on September 16, 2006.

Defendant's Motion to Stay, doc. 38, asks the Court to stay any return of the truck, as "Defendant Frankie Winsett's financial interests in the SNG truck, including $326,500.00 in payments, would be irreparably harmed if forced to return the SNG truck now before the contractual issues are resolved at trial in this matter." Short of unconscionablility, however, this is not a basis for refusing to enforce a contractual provision. Defendant has referred the Court to no legal basis that would justify the requested action. The motion to stay, doc. 38, is **DENIED**.

The parties represented to the Court during an August 16, 2006 status conference that the motions concerning discovery, doc. 43, 44, 45, are **MOOT**.

Docket entry 46 is another motion to stay enforcement of the contractual provision concerning possession of the truck in the event of default, this time due to Defendant's motion to reconsider, doc. 42 (denied above), and to protect Defendant's financial interest in the truck. This motion, 46, is **DENIED** for the same reasons as doc. 38.

Defendant's Motion to Set Aside Judgment, Doc. 47, again attacks enforcement of the contractual provision concerning possession of the truck in the event of failure to pay "the balance due." This motion restates the argument that the Court was without personal jurisdiction to order return of the truck. Whatever the merits of this argument on May 8, 2006, the Court has now

---

[3] The Court has never ruled that Plaintiff's original service of process was invalid, much less "a forgery."

established that it has jurisdiction and has ordered return of the truck. Defendant's motion to Set Aside Judgment, doc. 47, is **DENIED**.

Docket entry 54 is, in effect, Defendant's fifth motion to stay the contractual provision regarding possession of the truck. Defendant is reminded of the provisions of Federal Rule of Civil Procedure 11(b)(1). The motion is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, Thursday, August 24, 2006.

                                              s/Thomas M. Rose

                                        THOMAS M. ROSE
                                UNITED STATES DISTRICT JUDGE